**Motion Granted; Abatement Order filed May 17, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00521-CR

_____

**ADRIANA MORALES HUTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Cause No. 1726957**

---

## ABATEMENT ORDER

The reporter's record was filed on January 19, 2012. Appellant has filed a motion requesting abatement of the appeal to determine if a lost, destroyed, or inaudible portion of the reporter's record can be replaced with a copy.

Appellant notified this court that a portion of the reporter's record has been lost or destroyed. Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, a significant exhibit has been lost or destroyed; (3) whether the lost exhibit is necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibit with a copy, or (5) if the trial court can determine that a copy accurately duplicates the missing exhibit with reasonable certainty, or if the copy can be replaced for the original exhibit by agreement. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM